**EASTERN DEVELOPMENT AND INVESTMENT CORPORATION, Appellant,**

v.

**CITY OF SAN ANTONIO, Appellee.**

No. 15865.

Court of Civil Appeals of Texas, San Antonio.

Oct. 26, 1977.

Rehearing Denied Nov. 23, 1977.

Bruce Waitz, Keith Baker, San Antonio, for appellant.

Howard P. Newton, San Antonio, for appellee.

MURRAY, Justice.

This is an appeal from a judgment in favor of appellee, City of San Antonio, against appellant, Eastern Development and Investment Corporation. Judgment was rendered against appellant for utility service rendered by appellee to appellant as the alleged owner of Les Chateaux, West Gate and North Gate Apartments, in San Antonio, Texas. This case was tried before the court, and no findings of fact or conclusions of law were requested or filed. Appellee's suit was based on an open account or, in the alternative, on a stated account. Appellant has appealed upon points urging that there is no evidence to support the judgment.

Appellant and appellee state in their briefs, and we agree, that this Court must determine whether there was any evidence to support the judgment and the implied findings of fact incident thereto, and that in doing so, this Court will consider only the evidence most favorable to the appellee and disregard the opposing evidence. *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609 (1950); *Boucher v. City Paint & Supply, Inc.*, 398 S.W.2d 352 (Tex.Civ.App.—Tyler 1966, no writ); 23 A.L.R.2d 1114 (1952).

The elements which the appellee was required to prove were (1) sale and delivery of gas and electric service and (2) that the prices charged were agreed to by appellant or that, in the absence of an agreement, the prices charged were usual, customary, and reasonable. *Boucher v. City Paint & Supply, Inc., supra; J. E. Earnest & Co. v. Word*, 137 Tex. 16, 152 S.W.2d 325 (1941, *opinion adopted*).

Appellee relies upon proof of an account, stated: "An account stated is an agreement between parties who have had previous transactions of a monetary character that all the items of the account repre-

senting such transactions, and the balance struck, are correct, together with a promise, express or implied, for the payment of such balance." 1 C.J.S. Account Stated § 1a; *see also Scofield v. Lilienthal*, 268 S.W. 1047 (Tex.Civ.App.—Waco 1925, no writ). The appellant has not attacked the judgment on factually insufficient grounds, therefore, we are to determine if there is any evidence to support the judgment. *Renfro, supra.* We hold that the evidence proved a stated account.

Appellee began providing gas and electric services at the request of appellant in February 1973. As part of the agreement, appellant made a security deposit of $7,900.00, and bills were sent to appellant on a monthly basis. As early as 1973, appellant was contacted by appellee's Superintendent of Field Services, Mr. Clayton Wall, concerning the delinquent status of appellant's accounts.

Mr. Kenneth Ballard, Supervisor of the Field Contact Section, came into contact with Eastern Development in March 1974. Mr. Ballard testified that on numerous occasions he had discussions with Mr. Cook, President of appellant, concerning delinquent accounts and appellant never disputed the amounts until suit was filed.

In November 1974, appellant sent Mr. Ballard two hot checks drawn on the account of Mid-City Management Corporation, both checks were signed by Mr. Walter Cook.

Mr. Wall sent a certified letter to Mr. Cook, December 11, 1974, threatening termination of gas and electric service due to failure to follow through on past promises of payments.

As a result of the delinquency, appellee found it necessary to notify the tenants at the Les Chateaux in April 1975, of the impending termination of service to the complex. Mr. Ballard testified that during a telephone conversation with Mr. Cook, Mr. Cook wanted to know the least amount appellee would accept, and what it would take to make the court happy. Mr. Ballard quoted a figure which was approximately the total billing handled and outstanding at that time.

Mr. Ballard testified that he mailed six pages of final bills to Eastern Development and Investment Corporation on May 1, 1975, and that he did not receive a letter or phone call or any communication whatsoever disputing the amounts listed on those bills as being due and owing. Suit was filed by appellee June 24, 1975.

In *Davis v. Gilmore*, 244 S.W.2d 671 (Tex.Civ.App.—San Antonio 1951, writ ref'd), Justice Pope, speaking for this Court, said in part at page 675:

This proof showed that the account was rendered to Dillard, and that it was retained without objection for a reasonable time after full opportunity had been offered to object, during which time he caused the collector to take a note to his partner Davis seeking to have him pay the bill. This was even more than an approval by silence which would have been sufficient. We think this raised the inference of approval of the bill, so as to make it a stated account. *Peurifoy v. Hood Rubber Products Co.*, Tex.Civ.App., 59 S.W.2d 428; *Walker-Smith Co. v. Roan*, Tex.Civ.App., 43 S.W.2d 1108.

A suit on an open account may be proved by an admission that the account is due and owing. Proof of a stated account is one way to prove an action on an account. 'In other words, evidence of a stated account is sufficient proof to support plaintiff's cause of action on an open account, and therefore it may be supported by an implied as well as an express admission, as by the assent which is presumed from acquiescence in an account rendered.' 1 C.J.S. Account, Action on, § 16c(2); 1 C.J., Accounts and Accounting, § 187.

█ We hold that, under the facts of this case, the trial court could reasonably infer that appellant had in fact agreed to the account. *Magic Carpet Co. v. Pharr*, 508 S.W.2d 696 (Tex.Civ.App.—Dallas 1974, no writ); *Peurifoy v. Hood Rubber Products Co.*, 59 S.W.2d 428 (Tex.Civ.App.—Eastland 1933, no writ).

Once appellee established a stated account, a prima facie case existed without other proof of price, value, quantity, or specific items, *Magic Carpet Co., supra,* and therefore, it is not necessary for the proper disposition of this case that we consider appellant's points complaining of the action of the trial court in admitting the computer print-outs in evidence, and we express no opinion as to whether appellee failed to lay the proper predicate for their introduction.

The judgment is affirmed.