Margaret NEIL, Appellant,

v.

Joseph AGRIS, M.D., Appellee.

No. C14-84-839-CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 18, 1985.

E.H. Suhr, Houston, for appellant.

Richard L. Abrams, Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

This is an appeal from a judgment entered against appellant in a suit on an account stated. In three points of error, appellant asserts there is no evidence of 1) a prior transaction by which appellant became indebted to appellee; 2) any agreement, express or implied, fixing the amount for the services; or 3) a promise, express or implied, to pay for the services. We reverse and render.

Suit was filed on a sworn account and, alternatively, account stated. The money allegedly due appellee resulted from professional services rendered by him to appellant following injuries received by her in an accident. She had never been previously treated by appellee. During trial, appellee elected to proceed only on an account stated.

 An account stated has been defined as an agreement 1) between two persons who have had previous transactions, 2) fixing the amount due in respect of such transactions and 3) promising payment. *H.G. Berning, Inc. v. Waggoner,* 247 S.W.2d 570, 571 (Tex.Civ.App.—Beaumont 1952, no writ). At a minimum, appellee was required to prove 1) that professional services were rendered and 2) the prices charged were agreed to by appellant or that, in the absence of an agreement, the prices charged were usual, customary and reasonable. *Eastern Dev. & Inv. v. City of San Antonio,* 557 S.W.2d 823, 825 (Tex. Civ.App.—San Antonio 1977, writ ref'd n.r. e.).

In her second point of error, appellant contends that there was no evidence offered that she agreed to pay appellee $1700 for professional services. We agree.

At trial, appellee did not testify. While there was some discussion concerning appellee's affidavit attached to his motion for summary judgment on a sworn account, it was never offered or admitted. His sole attempt to prove an account stated was through his bookkeeper, who testified that she mailed appellant a bill which was never paid. There is no evidence in the record to show at the time the services were rendered or even subsequently that appellant agreed to pay $1700 to appellee for the professional services rendered. In the absence of an agreement fixing the price for the services, appellee was required to prove that the price charged for his services was usual, customary and reasonable; this he failed to do. We therefore sustain appellant's second point of error.

Our disposition of appellant's second point makes it unnecessary for us to pass on appellant's other points. Since appellee failed to prove an element of his cause of action at trial, appellant's motion for judgment should have been granted. We will therefore now render the judgment which the trial court should have rendered.

The judgment is reversed and here rendered that appellee take nothing.