COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-130-CV

 

 

LYNDA K. MORRISON                                                          APPELLANT

 

                                                   V.

 

CITIBANK (SOUTH DAKOTA) N.A.                                            APPELLEE

 

                                              ------------

 

         FROM
COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Lynda K. Morrison appeals
from the trial court=s judgment
in favor of Citibank (South Dakota) N.A. 
In one issue, Morrison challenges Citibank=s recovery pursuant to an Aaccount stated@ cause of
action.  We reverse and remand.








Citibank sued Morrison to
recover the outstanding balances on Morrison=s ten Citibank credit card accounts. 
Citibank initially pleaded several causes of action including breach of
contract and account stated, but at the beginning of the bench trial, for
reasons undisclosed in the record, Citibank abandoned its breach of contract
claims.  After hearing evidence and
argument, the trial court rendered judgment in favor of Citibank on its account
stated cause of action. 

In one issue, Morrison
challenges Citibank=s recovery
pursuant to account stated, arguing among other things that account stated does
not apply to the collection of credit card debt and that the evidence is
legally and factually insufficient to establish the elements of account stated.









A party is entitled to relief
under the common law cause of action of account stated where (1) transactions
between the parties give rise to indebtedness of one to the other; (2) an
agreement, express or implied, between the parties fixes an amount due; and (3)
the one to be charged makes a promise, express or implied, to pay the
indebtedness.[2]  In the absence of an agreement fixing the
price, it may be sufficient to prove that the price charged was usual,
customary, and reasonable.[3]

A legal sufficiency challenge may only be sustained when
(1) the record discloses a complete absence of evidence of a vital fact, (2)
the court is barred by rules of law or of evidence from giving weight to the
only evidence offered to prove a vital fact, (3) the evidence offered to prove
a vital fact is no more than a mere scintilla, or (4) the evidence establishes
conclusively the opposite of a vital fact.[4]  In determining whether there is legally
sufficient evidence to support the finding under review, we must consider
evidence favorable to the finding if a reasonable fact-finder could and
disregard evidence contrary to the finding unless a reasonable fact-finder
could not.[5]









An assertion that the
evidence is factually insufficient to support a fact finding means that the
evidence supporting the finding is so weak or the evidence to the contrary is
so overwhelming that the answer should be set aside and a new trial ordered.[6]  We are required to consider all of the
evidence in the case in making this determination, not just the evidence that
supports the finding.[7]  We may not substitute our judgment for that
of the fact-finder.[8]

When reversing on factual
sufficiency grounds, we must Adetail the evidence relevant to the issue in consideration and clearly
state why the jury=s finding is
factually insufficient or is so against the great weight and preponderance as
to be manifestly unjust; why it shocks the conscience; or clearly demonstrates
bias.@[9]  We must also state in what
regard the contrary evidence greatly outweighs the evidence in support of the
judgment.[10]

The evidence at trial showed
as follows:








Through its custodian of
records Jay Guenther, Citibank admitted hundreds of pages of documents relating
to each of Morrison=s ten credit
card accounts.  For each of the ten
accounts, Citibank introduced both account statements and payment checks from
Morrison that spanned several years.[11]  On each of the accounts, Morrison regularly
paid only approximately the minimum amount due each month. 

In nearly all of the
accounts, Morrison made her last payments in April or May of 2003.[12]  After that, Citibank continued to prepare and
mail statements for several months but never received further payment from
Morrison.  Citibank asked the trial court
to award it the sum of the balances due as of the final statements sent to
Morrison, minus a few small credits in her favor. 








Guenther stated that it was
Citibank=s usual course of business to mail statements to Morrison, and he believed
that Citibank had mailed the unpaid statements, although he was not familiar
with Citibank=s automated
mailing system and could not be sure that the statements were actually mailed
or received.  Guenther also testified
that Morrison never disputed any of the charges or statements, and the record
reflects that many of the unpaid statements were addressed to Morrison at the
same address as the earlier statements on which she had made payments, which
was also the address shown on her personal checks.[13]  The trial court found that Citibank mailed
the ten final statements to Morrison but did not know if she received any of
them.[14]      Assuming
without deciding that account stated may be employed to collect credit card
debt under Texas law, we nevertheless conclude that the evidence is too weak to
support the trial court=s judgment.








We turn first to Morrison=s legal sufficiency challenge. 
Although the evidence is meager, a reasonable fact-finder could make
several inferences from it.  For example,
based on the voluminous statements and payments, a fact-finder could reasonably
infer that Morrison and Citibank conducted transactions that gave rise to an
indebtedness of Morrison to Citibank. 
Further, based on Morrison=s history of making payments without disputing the amount shown to be
due, a fact-finder could reasonably infer that Morrison impliedly agreed to the
full amount shown on the statements and impliedly promised to pay the
indebtedness.[15]  Applying the appropriate legal sufficiency
standard of review, we hold that there is more than a mere scintilla, and,
therefore, legally sufficient evidence to establish the three elements of
account stated.  

Unlike legal sufficiency
challenges, however, factual sufficiency issues concede that the record
presents conflicting evidence on an issue.[16]  We may set aside a finding for factual
insufficiency if the Aevidence
adduced to support the vital fact, even if it is the only evidence adduced
on an issue, is factually too weak alone to support it.@[17]  The Texas Supreme Court has
acknowledged that it is Anot simple@ to explain how there may be some probative evidence on an issue and,
at the same time, factually insufficient evidence.[18]









        Considering all of the evidenceCMorrison=s payment
history involving a pattern of minimum monthly payments; the fact that the
unpaid statements were mailed to her but, the trial court found, it was unknown
whether she received them or not; and her failure to dispute any of the
statementsCwe conclude
that the evidence is fatally weak on the second element of account stated (Aan agreement, express or implied, between the parties fix[ing] an
amount due@).  The statements show that, when she was making
payments, Morrison regularly paid only a fraction of the full balance claimed
to be due.  Further, Morrison=s failure to dispute the final statements, combined with the trial
court=s finding that Citibank did not know whether Morrison received the
statements, is very weak evidence on the question of whether she Aagreed@ to pay the
amount claimed in the final statements.[19]









We conclude that the evidence
is so weak that the trial court=s conclusion that Morrison agreed to the amount due is clearly wrong
and manifestly unjust.[20]  We, therefore, hold that the evidence was factually
insufficient to support the account stated cause of action.  Having found the evidence factually
insufficient to support the judgment, we must reverse and remand for a new
trial.[21]  

Accordingly, we sustain Morrison=s factual sufficiency issue and reverse and remand for a new trial.[22]

PER CURIAM

PANEL A: 
CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED: 
February 28, 2008                            











[1]See Tex. R. App. P. 47.4.





[2]Beijing
Metals & Minerals Import/Export Corp. v. Am. Bus. Ctr., Inc., 993
F.2d 1178, 1182 (5th Cir. 1993); Cont=l
Cas. Co. v. Dr Pepper Bottling Co. of Tex., Inc., 416
F. Supp. 2d 497, 504B05
(N.D. Tex. 2006); Neil v. Agris, 693 S.W.2d 604, 605 (Tex. App.CHouston
[14th Dist.] 1985, no writ); Arnold D. Kamen & Co. v. Young, 466
S.W.2d 381, 388 (Tex. Civ. App.CDallas 1971, writ ref=d
n.r.e.).





[3]Neil, 693
S.W.2d at 605.





[4]Uniroyal Goodrich Tire Co. v.
Martinez, 977
S.W.2d 328, 334 (Tex. 1998), cert. denied, 526 U.S. 1040 (1999);
Robert W. Calvert, "No Evidence" and "Insufficient
Evidence" Points of Error, 38 TEX. L.
REV. 361, 362B63
(1960).  





[5]City of Keller v. Wilson, 168 S.W.3d 802, 807,
827 (Tex. 2005).  





[6]Garza
v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965).





[7]Mar.
Overseas Corp. v. Ellis, 971 S.W.2d 402, 406B07
(Tex.), cert. denied, 525 U.S. 1017 (1998).





[8]Lofton
v. Tex. Brine Corp., 777 S.W.2d 384, 387 (Tex. 1989).





[9]Pool
v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh=g).





[10]Id.





[11]For
example, with respect to one of Morrison=s accounts, Citibank
introduced statements from 1998 to 2003 and payment checks from 1999 to 2003. 





[12]The
one exception to this pattern was that Morrison continued to pay on one account
until August 2003. 





[13]At
some point, the addresses on the statements changed, and the final statements
of all ten accounts were sent to Morrison at a different address.  The record does not show why the address
changed, but neither party has contended, here or in the trial court, that the
statements were sent to an incorrect address.





[14]The
only other witness was Citibank=s trial counsel, Allen
Adkins, who testified briefly regarding attorney=s
fees.  





[15]See
E. Dev. & Inv. Corp. v. City of San Antonio, 557
S.W.2d 823, 825 (Tex. Civ. App.CSan Antonio 1977, writ ref=d
n.r.e.) (holding that where utility provider and customer discussed customer=s
delinquent accounts, the customer had never disputed the amounts due or final
bills and had inquired as to the lowest amount that would be accepted to
settle, the trial court could reasonably infer that the customer had agreed to
the account).





[16]The
Cadle Co. v. Munawar, No. 13-02-00225-CV, 2005 WL 1300783, at *10
(Tex. App.CCorpus
Christi June 2, 2005, pet. denied) (mem. op.); Raw Hide Oil & Gas, Inc.
v. Maxus Exploration Co., 766 S.W.2d 264, 275 (Tex. App.CAmarillo
1988, writ denied).





[17]Ritchey
v. Crawford, 734 S.W.2d 85, 86B87
n.1 (Tex. App.CHouston
[1st Dist.] 1987, no writ); Cadle Co., 2005 WL 1300783, at *10.





[18]Pool, 715
S.W.2d at 635; In re King=s Estate, 150
Tex. 662, 666, 244 S.W.2d 660, 662 (1951).





[19]Cf. Ishin
Speed Sport, Inc. v. Rutherford, 933 S.W.2d 343, 348 (Tex. App.CFort
Worth 1996, no writ) (citations omitted) (A[D]ealings between parties
may result in an implied contract where the facts show that the minds of the
parties met on the terms of the contract . . . . and whether [the parties=]
conduct evidences their agreement is a question to be resolved by the finder of
fact.@).





[20]See
Garza, 395 S.W.2d at 823; King=s Estate, 150
Tex. at 665, 244 S.W.2d at 661.  Guenther
did not testify that the prices charged were usual, customary, and reasonable,
a potential alternative to proving the second element.  See Neil, 693 S.W.2d at 605.





[21]See,
e.g., Garza, 395 S.W.2d at 823.





[22]We do
not reach the question of whether the trial court properly awarded attorney=s
fees based on the account stated cause of action.  See Tex.
R. App. P. 47.1.