IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00277-CV

 

Alvin S. McFarland,

                                                                                    Appellant

 v.

 

Citibank (South Dakota), N.A.,

                                                                                    Appellee

 

 

 



From the County Court
at Law No. 1

Johnson County, Texas

Trial Court No. C200500055

 



Opinion



 

Alvin S. McFarland challenges the trial
court’s rulings on cross-motions for summary judgment in this credit card debt
collection suit.  We will affirm.

Background

            Citibank (South Dakota),
N.A. (Citibank) sued McFarland to recover unpaid credit card debt.  In its
petition, Citibank alleged that both parties entered into an agreement for a
credit account and that pursuant to the express terms of the agreement,
McFarland was responsible for all charges placed on the account by persons
permitted or who had access to the credit card or account number.  Citibank
alleged that McFarland used the account to make purchases of goods and/or
services and/or to receive cash advances.  Citibank alleged that in accordance
with the agreement, it billed McFarland for payment of the charges on the account,
but McFarland defaulted in making the payments required by the agreement. 
Citibank asserted four alternative causes of action: (1) “breach of
contract/written or implied-in-fact,” (2) “breach of oral contract,” (3)
“account stated” and (4) “restitution, common law debt, assumpsit, money had [sic]
and to remedy defendant’s unjust enrichment.”  McFarland generally denied the
allegations.

The parties filed cross-motions for
summary judgment.  Citibank filed what we have determined to be a traditional motion
for summary judgment on its account stated cause of action.  Citibank’s summary
judgment evidence consisted of an Affidavit in Support of Attorney Fees and the
Affidavit of Ramona Chavez, a Litigation Analyst with Citicorp Credit Services,
Inc. USA, a service provider for Citibank.  Additionally, sixty pages of
McFarland’s credit card statements were attached to Chavez’s affidavit. 
McFarland filed a no-evidence motion for summary judgment, claiming Citibank
lacked evidence to succeed on any of its claims.  The trial court granted
Citibank’s summary judgment motion and denied McFarland’s summary judgment
motion.

Standard of Review

The standards for reviewing summary
judgment are well established.  When both parties move for summary judgment and
the district court grants one motion and denies the other, the unsuccessful
party may appeal both the prevailing party’s motion and the denial of its own. 
See Holmes v. Morales, 924 S.W.2d 920, 922 (Tex. 1996).  We will review
the summary judgment evidence presented by both sides, determine all questions
presented, and render such judgment as the trial court should have rendered.  Comm’rs
Court of Titus County v. Agan, 940 S.W.2d 77, 81 (Tex. 1997).

Analysis

In two issues, McFarland contends
generally that the trial court erred (1) in granting Citibank’s motion for
summary judgment on its account stated claim and (2) in denying his motion for
summary judgment.  McFarland also attacks the summary judgment rulings in
several sub-issues.  We will address each argument accordingly.

Affidavit of Ramona
Chavez

We begin by addressing McFarland’s
contention that Ramona Chavez’s affidavit is defective and not competent
summary judgment evidence.  McFarland specifically complains that the affidavit
lacks foundation, is based on hearsay and speculation, and falls below the
standards required for proof of computer records.  He also argues that Chavez
lacks personal knowledge and is an interested witness.  However, in the summary
judgment context, a nonmovant must obtain a ruling on an objection to the form
of a motion or supporting evidence to preserve the issue for appellate review. 
See Tex. R. App. P. 33.1(a)(2);
Allen v. Albin, 97 S.W.3d 655, 662-63 (Tex. App.—Waco 2002, no
pet.); see also Estate of Loveless, 64 S.W.3d 564, 573 (Tex.
App.—Texarkana 2001, no pet.); Well Solutions, Inc. v. Stafford, 32
S.W.3d 313, 316 (Tex. App.—San Antonio 2000, no pet.); Dolcefino v. Randolph,
19 S.W.3d 906, 925-27 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).  But
see Blum v. Julian, 977 S.W.2d 819, 823-24 (Tex. App.—Fort Worth 1998, no
pet.).

All of these objections are objections
to the form of the affidavit.  Dulong v. Citibank (South Dakota), N.A.,
261 S.W.3d 890, 893 (Tex. App.—Dallas 2008, no pet.) (lack of personal
knowledge and failure to comply with business records exception to hearsay rule);
Pico v. Capriccio Italian Rest., Inc., 209 S.W.3d 902, 909 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (hearsay and speculation); Choctaw Props.,
L.L.C. v. Aledo I.S.D., 127 S.W.3d 235, 241 (Tex. App.—Waco 2003, no pet.)
(affidavit of interested witness, hearsay, lack of personal knowledge).  Because
McFarland does not cite, nor have we found, a ruling from the trial court on
these objections, McFarland failed to preserve these objections for appellate
review.  See Tex. R. App. P. 33.1(a)(2).

McFarland also argues that the affidavit
is conclusory because it fails to establish the basis for Chavez’s personal
knowledge of the facts to which she testifies.  An objection regarding the
conclusory nature of an affidavit is an objection to the substance of the
affidavit that can be raised for the first time on appeal.  Willis v. Nucor
Corp., __ S.W.3d __, __, 2008 WL 5473046, at *6 (Tex. App.—Waco Dec. 31,
2008, no pet.); Skelton v. Comm’n for Lawyer Discipline, 56 S.W.3d 687,
692 (Tex. App.—Houston [14th Dist.] 2001, no pet.).  Thus, we will address this
argument.

Affidavits containing conclusory
statements that fail to provide the underlying facts to support the conclusion
are not proper summary judgment evidence.  Dolcefino, 19 S.W.3d at 930. 
However, Chavez’s affidavit is not conclusory.  It is based on her personal
knowledge derived from her work as a Litigation Analyst, whose duties include
being one of the custodians of the records for Citibank.  Furthermore, the
affidavit substantially complies with the language of Texas Rule of Evidence
902(10)(b); therefore, it properly authenticates the business records at
issue.  See Tex. R. Evid. 902
(10)(b); McElroy v. Unifund CCR Partners, No. 14-07-00661-CV,
2008 WL 4355276, at *3 (Tex. App.—Houston [14th Dist.] Aug. 26, 2008, no pet.)
(mem. op.) (affidavit not conclusory because it substantially complied with
language of Rule 902(10)(b)); Jones v. N. Woodland Hills Vill. Cmty. Ass’n,
No. B14-93-00545-CV, 1994 WL 388298, at *5 (Tex. App.—Houston [14th Dist.] July
28, 1994, writ denied) (affidavit containing only factual statements and
substantially complying with Rule 902(10)(b) model affidavit was not
conclusory); see also Gellatly v. Unifund CCR Partners, No.
01-07-00552-CV, 2008 WL 2611894, at *5 (Tex. App.—Houston [1st Dist.] July 3,
2008, no pet.) (mem. op.).  For these reasons, we conclude Chavez’s affidavit
is not conclusory and the trial court did not err in considering it.

Existence of Agreement

McFarland contends that Citibank failed
to establish its claim as a matter of law because there is no proof of an
agreement between the parties.  McFarland points to the fact that Citibank
failed to include a complete copy of the cardholder agreement in its summary
judgment evidence.  However, Citibank did not have to produce a written
contract.

A party is entitled to relief under the
common law cause of action for account stated when (1) transactions between the
parties give rise to indebtedness of one to the other; (2) an agreement,
express or implied, between the parties fixes an amount due; and (3) the one to
be charged makes a promise, express or implied, to pay the indebtedness.  Dulong,
261 S.W.3d at 893; Neil v. Agris, 693 S.W.2d 604, 605 (Tex. App.—Houston [14th Dist.] 1985, no writ); Arnold D. Kamen & Co. v. Young, 466 S.W.2d
381, 388 (Tex. Civ. App.—Dallas 1971, writ ref’d n.r.e.).  Because an agreement
on which an account stated claim is based can be express or implied, Citibank
did not have to produce a written contract as long as it could produce other
evidence of the agreement between the parties to meet its burden of proof.  Dulong,
261 S.W.3d at 894; see also Butler v. Hudson & Keyse, L.L.C., No.
14-07-00534-CV, 2009 WL 402329, at *3 (Tex. App.—Houston [14th Dist.] Feb. 19,
2009, no pet.) (mem. op.).

An implied agreement can arise from the
acts and conduct of the parties.  Dulong, 261 S.W.3d at 894; Harrison
v. Williams Dental Group, P.C., 140 S.W.3d 912, 916 (Tex. App.—Dallas 2004,
no pet.).  Citibank submitted billing statements from January 2000 to April
2004.  There is no evidence to suggest the statements were not received.  The
statements reflect that when credit was available, new charges were made on the
account.  Payments were also made.  Chavez’s affidavit states that the initial
interest rate on the account is set forth on the first billing statement, and
the subsequent financial terms in effect each time the card was issued are set
out on each monthly statement.  The credit card statements support this fact. 
The credit card statements also show that late fees and “over the limit” fees
were periodically assessed.

There is no evidence McFarland ever
objected to or disputed any charges or fees.  McFarland argues that Citibank is
attempting to wrongfully use the Federal Truth in Lending Act as a weapon to
shift the burden of proof to him to prove that the amount on the credit card
statements is incorrect.  But McFarland misses the point.  Chavez attested in
her affidavit that McFarland owes a balance of $10,602.07, plus interest, on
the credit card account, and based on McFarland’s usage of the credit card, we
may reasonably infer that he impliedly agreed to pay a fixed amount equal to
the purchases and cash advances he made, plus interest.  See Dulong, 261
S.W.3d at 894; see also Butler, 2009 WL 402329, at *3.  Thus, the
evidence presented by Citibank establishes its right to summary judgment as a
matter of law.  McFarland raises no fact issues that would preclude summary
judgment.  Tex. Workers’ Comp. Ins. Fund v. Simon, 980 S.W.2d
730, 733 (Tex. App.—San Antonio 1998, no pet.) (citing City of Houston v.
Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979)).  McFarland has
not presented any evidence suggesting a different amount is owed.

Based on the series of transactions
reflected on the account statements, we conclude Citibank established that
McFarland agreed to the full amount shown on the statements and impliedly
promised to pay the indebtedness.  See Dulong, 261 S.W.3d at 894 (holding
under almost identical facts that it was reasonable to infer that credit card
holder agreed to full amount shown on statements and impliedly promised to pay
indebtedness).

Application of Account
Stated Cause of Action to Credit Card Collection Suit

Finally, McFarland argues that an
account stated cause of action does not apply to the collection of credit card
accounts.  We disagree.  A claim for account stated differs from a suit on a
sworn account, which requires that personal property or services be provided by
the creditor to the debtor.  See Tex.
R. Civ. P. 185; Tully v. Citibank (South Dakota), N.A., 173
S.W.3d 212, 216 (Tex. App.—Texarkana 2005, no pet.).  Thus, we join our sister
courts in holding that account stated, and not a suit on a sworn account, is a
proper cause of action for a credit card collection suit because no title to
personal property or services passes from the bank to the credit card holder.  See
Dulong, 261 S.W.3d at 893 n.3; see also Butler, 2009 WL 402329, at
*2.

Conclusion

            On this record, we conclude that
Citibank established that it is entitled to judgment as a matter of law on its
account stated cause of action and that McFarland has not raised a material
fact issue.  Thus, we overrule McFarland’s first issue and his second issue to
the extent it challenges the trial court’s denial of his no-evidence summary
judgment on Citibank’s account stated cause of action.  Furthermore, having
concluded that the trial court properly granted Citibank’s motion for summary
judgment, we need not address McFarland’s second issue to the extent he
challenges the trial court’s denial of his no-evidence motion for summary
judgment on Citibank’s other causes of action.  Tex. R. App. P. 47.1.

            We affirm the trial court’s
judgment.

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Affirmed

Opinion
delivered and filed June 17, 2009

[CV06]