# NO. 12-24-00140-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KATHLEEN OESTERLE,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *CITIBANK, N.A.,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Kathleen Oesterle, acting pro se, appeals the trial court's granting of summary judgment in favor of Appellee, Citibank, N.A. in a credit card debt collection suit. We affirm.

## BACKGROUND

On December 2, 2019, Citibank sued Oesterle to recover allegedly unpaid credit card debt. In its petition, Citibank contended that the parties entered into an agreement for a credit account. Citibank pleaded that Oesterle used the account to purchase "goods and/or services and/or to receive cash advances." Citibank alleged that although it billed Oesterle for the amount owed in accordance with the agreement's terms and conditions, Oesterle failed to pay the amount due and owing ($11,864.53). Citibank asserted causes of action for breach of contract, account stated, and common law debt. Oesterle generally denied Citibank's allegations.

On December 2, 2020, Citibank filed a motion for traditional summary judgment. Citibank's summary judgment evidence consisted of (1) the affidavit of Citibank's document control officer, Michelle Jones, and (2) copies of monthly credit card statements Citibank sent to Oesterle from July 2016 to July 2019. On December 22, Oesterle filed a response to the notice of submission, in which she requested that Citibank produce the original credit account agreement with her signature. The trial court conducted a proceeding on February 3, 2021, which the court

reporter titled a "bench trial." Citibank's counsel and Oesterle both appeared and made arguments to the trial judge. During the hearing, Oesterle argued, "I deny owing this money. . . . I would like to see the original document that I signed to see if it's mine and the different monthly statements from that time forward." Oesterle also asserted that she has "no recollection" of opening the account. At the conclusion of the proceeding, the trial judge stated, "before I make a ruling, I really would like to take a better look at the billing statements and the exhibits. . . . [W]hat I'm going to do is take this under advisement and issue a ruling within a few days. But I would like to take a better look at the Court's file." The trial judge stated, "you both will be notified of the Court's ruling."

The trial judge did not sign a judgment or order, and on March 5, 2024, Citibank requested a hearing on its motion for summary judgment. The trial court scheduled a summary judgment hearing on April 18, 2024, and a notice of submission signed by Citibank's attorney states that a copy was served on Oesterle at her last known address via regular and certified mail, return receipt requested. Oesterle filed a response to the motion for summary judgment, in which she asserted the affirmative defense of laches. Specifically, Oesterle contended in her response that (1) Citibank unreasonably delayed in enforcing its rights; (2) the trial judge "issued" a summary judgment in favor of Citibank for $11,864.53 on February 3, 2021, but did not sign an order; and (3) the four-year statute of limitations on debt collection ran on November 14, 2022, four years from the date of her last payment to Citibank. Oesterle attached as exhibits to her response (1) a letter from Citibank's attorney, dated August 26, 2019, attempting to collect the debt; (2) an email to Oesterle from the trial court's administrator, which stated that the trial judge had not "received the judgment from the attorney's office[;]" and (3) an email she sent to Citibank stating that she made her last payment to Citibank on November 14, 2018.

Citibank filed a reply to Oesterle's response, in which it argued that (1) laches is an equitable defense rather than a legal defense, (2) laches "pertains to the equity of *filing* a suit, not pursuing a judgment once suit has already been filed[,]" and (3) Citibank filed suit within the applicable statute of limitations. Oesterle filed an additional response in support of her claimed affirmative defense of laches.

The trial court conducted the April 18 hearing on the motion for summary judgment, and Oesterle appeared at the hearing. The following day, the trial judge signed a final summary judgment, in which it awarded $11,864.53 to Citibank. This appeal followed.

2

Oesterle argues that the trial court's summary judgment in favor of Citibank is void because the trial court did not dispose of the case within the guidelines set forth in the Texas Rules of Judicial Administration. Oesterle further asserts that her affirmative defenses of lack of jurisdiction, laches, and lack of notice preclude summary judgment in favor of Citibank.

## Standards of Review and Applicable Law

We review a traditional motion for summary judgment de novo, and we "examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005); *see Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). The movant for traditional summary judgment has the burden of demonstrating that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). If the movant establishes a right to summary judgment, the nonmovant has the burden to respond to the motion and present any issues that would preclude summary judgment. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222-23 (Tex. 1999); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979). When, as here, the trial court does not specify the grounds on which it granted summary judgment, we will affirm if any of the theories advanced are meritorious. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989). In determining whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

## Analysis

A party is entitled to recover under the common law cause of action for account stated when (1) transactions between the parties give rise to indebtedness of one to the other; (2) an express or implied agreement between the parties fixes an amount due; and (3) the party to be charged expressly or impliedly promises to pay the indebtedness. *Dulong v. Citibank (S.D.), N.A.*, 261 S.W.3d 890, 893 (Tex. App.—Dallas 2008, no pet.); *Neil v. Agris*, 693 S.W.2d 604, 605 (Tex. App.—Houston [14th Dist.] 1985, no writ). Because an agreement on which an account stated claim is based may be express or implied, Citibank was not required to produce a written contract

3

if it could meet its burden of proof by producing other evidence of the parties' agreement. *See Dulong*, 261 S.W.3d at 894. Citibank's summary judgment evidence included its billing statements to Oesterle from July 2016 to July 2019, which were authenticated by Jones's affidavit. In addition, the billing statements reflect that new charges were often made to the account, many of which were incurred in Tyler, Texas, where Oesterle resides. The billing statements reflect that payments were sometimes made on the account. In addition, the July 2019 billing statement reflects that Oesterle owed $11,864.53. According to Jones's affidavit, Oesterle failed to make required payments on the account; the account is in default; notice of the debt was sent to Oesterle "either by regular mail or by electronic mail[]"; and the $11,864.53 balance on the account remains due. No evidence was adduced to indicate that Oesterle did not receive the billing statements. All of the statements set forth the financial terms, including the applicable interest rates for advances and standard purchases, and show any late fees assessed.

Based upon the transactions and financial terms reflected on the billing statements, we conclude that Citibank established as a matter of law that (1) transactions gave rise to Oesterle's indebtedness to Citibank, (2) Citibank and Oesterle had an implied agreement that fixed the amount due, and (3) Oesterle impliedly promised to pay Citibank the amount due. *See id.* at 893; *Neil*, 693 S.W.2d at 605; *see also* TEX. R. CIV. PROC. 166a(c). Therefore, we now turn to Oesterle's claimed defenses, which allege (1) lack of jurisdiction because the case was not disposed of within the deadlines set forth by the Texas Supreme Court in the Texas Rules of Judicial Administration, (2) lack of notice, and (3) laches. A party seeking to avoid summary judgment by asserting an affirmative defense bears the burden of raising a material issue of fact on each element of that defense. *Weinberg v. Baharav*, 553 S.W.3d 131, 134 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (citing *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984)).

We first address Oesterle's contention that the summary judgment order is void because the trial court's failure to dispose of the case within the deadlines set forth in the Texas Rules of Judicial Administration deprived the trial court of jurisdiction. The Texas Rules of Judicial Administration "are promulgated pursuant to Section 74.024 of the Texas Government Code." TEX. R. JUD. ADMIN. 1, reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. F app. (West 2023). Section 74.024 of the Texas Government Code gives the Texas Supreme Court the authority to adopt "rules of administration setting policies and guidelines necessary or desirable for the operation and management of the court system and for the efficient administration of justice."

TEX. GOV'T CODE ANN. § 74.024(a) (West 2023). Under Section 74.024, the Texas Supreme Court may adopt rules relating to "nonbinding time standards for . . dispositions[]" and "nonbinding dismissal of inactive cases from dockets, if the dismissal is warranted[.]" *Id*. § 74.024(c)(1), (2).

Rule 6.1(a)(2) provides that district and statutory county court judges "should, so far as reasonably possible, ensure that all cases are brought to trial or final disposition in conformity with the following time standards: . . . (2) *Civil Nonjury Cases*[:] Within 12 months from appearance date." TEX. R. JUD. ADMIN. 6.1(a)(2), reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. F app. (West Supp. 2023). Additionally, Rule 7(a)(2) provides that district and statutory county court at law judges "shall . . . rule on a case within three months after the case is taken under advisement[.]" *Id*. R. 7(a)(2) (West 2023). A trial court's authority to dismiss a case for want of prosecution stems from two sources: (1) Texas Rule of Civil Procedure 165a, and (2) the court's inherent power. ***Villarreal v. San Antonio Truck & Equip.***, 994 S.W.2d 628, 630 (Tex. 1999); *see also* TEX. R. CIV. P. 165a(2) (providing that "[a]ny case not disposed of within time standards promulgated by the Supreme Court under its Administrative Rules may be placed on a dismissal docket."). Nothing in Rule 6.1, 7(a)(2), or elsewhere in the Texas Rules of Judicial Administration indicates that the trial court's failure to dispose of a case within the deadlines causes the trial court to lose jurisdiction.

We turn now to Oesterle's asserted defense of lack of notice. In her brief, Appellant contends that she was not served with "Notice of Submission Hearing on Plaintiff's Motion and Brief in Support" on December 2, 2020, she did not receive a "green card" by certified mail, and the trial court did not require Citibank to provide proof of service. Appellant's brief states that she instead received her copy of the documents from the trial court administrator. Texas Rule of Civil Procedure 21a provides that documents not filed electronically may be served by mail, and service "shall be complete upon deposit of the document, postpaid and properly addressed, in the mail[.]" TEX. R. CIV. P. 21a(a)(2), (b)(1). A certificate by an attorney of record showing service of a notice "shall be prima facie evidence of the fact of service," but a party may offer proof that the document was not received. *Id*. R. 21a(e); *see also **Cliff v. Huggins***, 724 S.W.2d 778, 780 (Tex. 1987) (explaining Rule 21a's presumption that notice placed in mail was duly received by addressee). The clerk's record indicates that the trial court coordinator sent notice of the February 2021 proceeding to both Citibank's counsel and Oesterle. The record also indicates that Citibank's counsel certified that he served both the motion for summary judgment and brief in support and

the notice of submission pertaining to the April 2024 hearing to Oesterle by mail.[1] Oesterle presented no evidence that she did not receive notice, and the record shows that she attended both of the trial court proceedings regarding Citibank's motion for summary judgment. For these reasons, we conclude that Oesterle failed to raise a genuine issue of material fact as to notice. *See* TEX. R. CIV. P. 21a(a)(2), (e), 166a(c); *see also **Cliff***, 724 S.W.2d at 780.

We now address Oesterle's asserted defense of laches. Laches is an equitable remedy that prevents a plaintiff from asserting a claim because a lapse of time caused the claim to become stale. ***Bluebonnet Sav. Bank, F.S.B*. v. Briar Capital, L.P.** 907 S.W.2d 904, 912 (Tex. App.— Houston [14th Dist.] 1995, writ denied). To prevail, a party asserting laches must show that (1) the other party unreasonably delayed in asserting its legal or equitable rights and (2) the party asserting laches made a good faith change in position to her detriment because of the delay. ***Rogers v. Ricane Enters., Inc,*** 772 S.W.2d 76, 80 (Tex. 1989). "Although a court applying the doctrine of laches is not bound by any statute of limitations, the statute of limitations is one measure of whether a claim has become stale." ***Bluebonnet Sav. Bank,*** 907 S.W.2d at 912. Laches does not bar a plaintiff's suit before the statute of limitations has run unless estoppel or extraordinary circumstances are present to exist. ***Id***.

The statute of limitations for a cause of action for account stated provides that a plaintiff must file suit "not later than four years after the day that the cause of action accrues." TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(c) (West 2002). "[T]he cause of action accrues on the day that the dealings in which the parties were interested together cease." ***Id***. Citibank's summary judgment evidence indicates that its last billing statement to Oesterle was in July 2019. The record demonstrates that Citibank's lawsuit against Oesterle was filed on December 2, 2019, before the statute of limitations expired. *See **id***. We conclude that Oesterle failed to provide any evidence raising a genuine issue of material fact as to the existence of estoppel or other extraordinary circumstances. *See **Rogers***, 772 S.W.2d at 80. Additionally, Oesterle failed to provide any evidence raising a genuine issue of material fact as to the second element of her asserted defense of laches; that is, she provided no evidence that the delay caused her to make a good faith change of position to her detriment. *See **id.***; *see also **Rhone-Poulenc*** 997 S.W.2d at 222-23; ***Clear Creek Basin Auth.***, 589 S.W.2d at 678-79; ***Weinberg***, 553 S.W.3d at 134.

---

[1] Citibank filed its motion for summary judgment and brief in support as a single pleading.

We conclude that Citibank established its right to judgment as a matter of law, and Oesterle failed to establish that a genuine issue of material fact precluded summary judgment. *See* TEX. R. CIV. P. 166a(c); ***Rhone-Poulenc***, 997 S.W.2d at 222-23; ***Clear Creek Basin Auth.***, 589 S.W.2d at 678-79; ***Weinberg***, 553 S.W.3d at 134. Accordingly, we overrule each of Oesterle's issues.

## DISPOSITION

Having overruled each of Oesterle's issues, we ***affirm*** the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered July 31, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 31, 2024**

**NO. 12-24-00140-CV**

**KATHLEEN OESTERLE,**
Appellant
V.
**CITIBANK, N.A.,**
Appellee

Appeal from the County Court at Law
of Smith County, Texas (Tr.Ct.No. 71348)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellant, Kathleen Oesterle, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*