**Jack TULLY, Appellant,**

v.

**CITIBANK (SOUTH DAKOTA), N.A., Appellee.**

No. 06–05–00027–CV.

Court of Appeals of Texas, Texarkana.

Submitted June 6, 2005.

Decided Sept. 9, 2005.

Ron Adkison, Welborn Houston, LLP, Henderson, for appellant.

Anh H. Regent, Regent & Associates, LLP, Houston, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice CARTER.

Jack Tully appeals the granting of Citibank (South Dakota), N.A.'s motion for summary judgment for collection on a delinquent credit card debt. Citibank issued a credit card to Tully. Tully alleged that some of the charges contained in the account statements were inaccurate and that Citibank, rather than correct its statements, charged interest on the "incorrect and disputed amounts" at rates of almost twenty-five percent.[1] Citibank sued Tully alleging Tully had failed to make payments due, which had accelerated that maturity of the amounts due. Tully denied Citibank's allegations and filed a counterclaim alleging that Citibank was in bad faith and that the suit was brought for the purpose of harassment. Tully also alleged Citibank attempted to collect interest, fees, or expenses without authorization. The trial court granted Citibank's traditional motion for summary judgment.

Tully raises three issues on appeal: 1) Citibank is not entitled to summary judgment because it failed to plead or prove grounds to support the summary judgment and failed to prove there are no genuine issues of material fact; 2) Citibank is not entitled to summary judgment because it failed to prove Tully's counterclaim was pre-empted or disproved the counterclaim; and 3) the summary judgment erroneously makes an unconditional award of appellate attorney's fees. We reverse and remand this case to the trial court for proceedings consistent with this opinion.

### 1) Genuine Issues of Material Fact Exist Concerning the Amount of Damages Due to the Breach of Contract

In his first point of error, Tully argues the trial court erred in granting the summary judgment. Citibank's traditional motion for summary judgment argued it was entitled to summary judgment based on either a suit on a sworn account, quantum meruit, or breach of contract. Tully challenges all three of these theories. We

---

1. The interest rates charged vary dramatically among the statements introduced into evidence. Most of the statements reflect interest around twenty-five percent. For a couple of the statements, the interest approached seventy percent—possibly due to transaction, late, or other fees. Late fees are considered interest under South Dakota Law. S.D. CODIFIED LAWS § 51A–12–13 (2005).

agree for the following reasons: a suit on a credit card debt cannot be recovered through a suit on a sworn account; because the summary judgment evidence conclusively established that a contract existed, Citibank could not recover under its quantum meruit theory; and a fact issue exists concerning the amount owed based on breach of contract.

The standards for reviewing a "traditional" motion for summary judgment are well settled. We will review this summary judgment based on the standards set forth in *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

■ First, Citibank cannot collect a credit card debt through a suit on a sworn account. A suit on a sworn account is permitted only if the claim is "founded upon an open account or other claim for goods, wares and merchandise, including any claim for a liquidated money demand based upon written contract or founded on business dealings between the parties, or is for personal service rendered, or labor done or labor or materials furnished...." TEX.R. CIV. P. 185. "A sworn account applies only to transactions between persons, *in which there is a sale upon one side and a purchase upon the other, whereby title to personal property passes from one to the other,* and the relation of debtor and creditor is thereby created by general course of dealing—it does not mean transactions between parties resting upon special contract." *Bird v. First Deposit Nat'l Bank,* 994 S.W.2d 280, 282 (Tex. App.-El Paso 1999, pet. denied). Because no title to personal property passes from the bank to the cardholder, a credit card debt is not a sworn account as contemplated by Texas

Rule of Civil Procedure 185. *Id.* Citibank was not entitled to summary judgment based on its suit on a sworn account theory.

■ Second, because Citibank proved the existence of an express contract, Citibank cannot recover under the theory of quantum meruit. "Quantum meruit is an equitable theory of recovery which is based on an implied agreement to pay for benefits received." *Heldenfels Bros., Inc. v. City of Corpus Christi,* 832 S.W.2d 39, 41 (Tex.1992). The doctrine of quantum meruit requires the plaintiff to establish: "1) valuable services and/or materials were furnished, 2) to the party sought to be charged, 3) which were accepted by the party sought to be charged, and 4) under such circumstances as reasonably notified the recipient that the plaintiff, in performing, expected to be paid by the recipient." *Id.* However, the summary judgment evidence establishes the existence of a contract between the parties. In general, recovery under quantum meruit is limited to only when there is no express contract covering the services or materials furnished. *Vortt Exploration Co. v. Chevron U.S.A., Inc.,* 787 S.W.2d 942, 944 (Tex. 1990); *Academy Corp. v. Interior Buildout & Turnkey Constr., Inc.,* 21 S.W.3d 732, 741 (Tex.App.-Houston [14th Dist.] 2000, no pet.). Because the summary judgment evidence established the existence of a contract as a matter of law, Citibank cannot recover under the theory of quantum meruit.

■ Third, Citibank failed to prove the amount due based on the breach of contract argument.[2] Although Tully's affi-

---

**2.** We note that Tully argues Citibank failed to plead breach of contract. The sufficiency of the pleadings is judged based on whether they provide the opponent with fair and adequate notice. *Roark v. Allen,* 633 S.W.2d 804, 809–

10 (Tex.1982); *see Southwestern Bell Tel. Co. v. Garza,* 164 S.W.3d 607 (Tex.2004). "Fair notice" requires that "an opposing attorney of reasonable competence" can ascertain the nature and basic issues of the controversy. *City*

davit failed to raise a fact issue,[3] Citibank failed to prove it was entitled to summary judgment. Specifically, Citibank failed to prove that the interest rate charged was agreed on by Tully.[4] The contract introduced into evidence does not specify the interest rate that was agreed on. Further, there were no notices of interest rate increases introduced into evidence. The only evidence concerning the rate of interest are the rates specified on the copies of the monthly statements Citibank sent to Tully.[5] Citibank failed to prove its damages as a matter of law. Because a genuine issue of material fact issue exists concerning the interest rates agreed on, the trial court erred in granting summary judgment.

When a trial court's order granting summary judgment does not specify the ground or grounds relied on for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993). Citibank, though, failed to prove it was entitled to summary judgment concerning any of the three theories advanced in its motion for summary judgment. A credit card debt is not a sworn account. Since the summary judgment evidence proved the existence of a contract, Citibank was not entitled to collect on its quantum meruit theory. Because Citibank failed to prove Tully agreed to the interest rates Citibank charged, Citibank failed to prove

---

of *Alamo v. Casas*, 960 S.W.2d 240, 251 (Tex. App.-Corpus Christi 1997, pet. denied); *Daniels v. Conrad*, 331 S.W.2d 411, 415 (Tex.Civ. App.-Dallas 1959, writ ref'd n.r.e.). Citibank pled in its petition that the suit was based on a credit card debt. More specifically, Citibank alleged that Tully "defaulted in making the payments required by the terms of the Card Agreement. Due to Defendant's breach of the terms of the agreement. . . ." Liberally construed, the pleading gives fair notice that Citibank was pleading a cause of action for breach of contract.

3. Tully contends that, at a minimum, his affidavit raises a fact issue. However, the affidavit filed by Tully was conclusory and failed to allege specific facts of a nature that could be effectively countered by Citibank. *See Chhim v. Univ. of Houston*, 76 S.W.3d 210, 216 (Tex. App.-Texarkana 2002, pet. denied); *Haynes v. City of Beaumont*, 35 S.W.3d 166, 178 (Tex. App.-Texarkana 2000, no pet.); *Rizkallah v. Conner*, 952 S.W.2d 580, 587 (Tex.App.-Houston [1st Dist.] 1997, no pet.).

4. Tully argues on appeal that a genuine issue of material fact exists regarding the amount Tully owes Citibank under the contract. We note that Tully did not specifically argue that Citibank failed to prove the interest rate. However, Tully did argue to the trial court and in its second point of error that the interest was not authorized. Briefs are to be construed liberally. Tex.R.App. P. 38.9. This issue is intertwined with the second point of error concerning the counterclaim and necessarily applicable to the breach of contract claim. Further, Tully alleged a general point of error. Tully's first point of error states: Citibank cannot sue Tully for a credit card debt in a suit on a sworn account, and may not recover from Tully under any of the alternative theories it now advances. Under the *Malooly* rule, set out in *Malooly Brothers, Inc. v. Napier*, 461 S.W.2d 119 (Tex.1970), a point of error stating generally that the trial court erred by granting summary judgment authorizes review of all possible grounds of trial court error in granting the summary judgment. *Plexchem Int'l, Inc. v. Harris County Appraisal Dist.*, 922 S.W.2d 930, 930–31 (Tex. 1996) (per curiam); *see Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex.1995). In addition, "[t]he statement of an issue or point will be treated as covering every subsidiary question that is fairly included." Tex.R.App. P. 38(e). Because Tully raised a general point of error, the issue of the interest rate elsewhere in his brief, and the issue was raised at the trial court level, error was assigned for our review.

5. Even if the bills could be construed as notice of a change of the terms of the card agreement, the change could not apply retroactively. Therefore, there would still be a fact issue as to the amount of interest owed.

its amount of damages under the breach of contract theory. We sustain Tully's first point of error. We decline to address the remaining arguments advanced by Tully because the above arguments are dispositive.

## 2) Citibank Failed To Disprove Tully's Counterclaim

In his second point of error, Tully argues Citibank failed to prove that his counterclaim was pre-empted or otherwise invalid. Tully argues the interest charged was usurious under Texas law. In the alternative, Tully argues Citibank has failed to prove that the interest charged is authorized by South Dakota Law.

■■■■■ Tully argues that, under Texas law, a charge of interest in excess of ten percent is in most cases considered usurious.[6] However, the National Bank Act pre-empts state usury laws. *Marquette Nat'l Bank v. First Omaha Serv. Corp.,* 439 U.S. 299, 313, 99 S.Ct. 540, 58 L.Ed.2d 534 (1978); *see Smiley v. Citibank,* 517 U.S. 735, 744, 116 S.Ct. 1730, 135 L.Ed.2d 25 (1996) (holding that late fees were interest under the National Bank Act). The National Bank Act provides that national banks may charge interest "at the rate

allowed by the laws of the State . . . where the bank is located, or . . . ."[7] Assuming that Citibank is a national bank located in South Dakota,[8] Citibank has proven as a matter of law that Texas usury law is pre-empted and that it may charge interest at the rate authorized by South Dakota.

■■■■ However, merely proving that Texas usury laws are pre-empted by federal law does not establish that the charges were authorized. Tully's counterclaim was not limited to Texas usury laws; the counterclaim was that the interest rates were not authorized. If Texas usury laws are pre-empted, Tully argues Citibank has failed to prove that the interest rates are authorized under South Dakota law. Although Citibank did not respond to this argument on appeal, Citibank argued to the trial court that Section 54–3–1.1 of the South Dakota Codified Laws authorized the interest in this case. Section 54–3–1.1 of the South Dakota Codified Laws provides as follows:

> Unless a maximum interest rate or charge is specifically established elsewhere in the code, there is no maximum interest rate or charge, or usury rate restriction between or among persons, corporations, limited liability companies,

6. *See* TEX. FIN.CODE ANN. § 302.001(b) (Vernon Supp.2004–2005). We note, though, that Texas law may permit interest up to eighteen percent for revolving charge accounts. *See* TEX. FIN.CODE ANN. § 346.101 (Vernon Supp. 2004–2005).

7. 12 U.S.C.A. § 85 (West 2001). Although Section 85 provides that, if the state provides no rate, then the interest is limited to the greater of *seven percent or one percent in* "excess of the discount rate on ninety-day commercial paper," the United States Supreme Court has held that, when a state allows any rate agreed on by the parties to the contract, a rate is still fixed by the state despite the lack of a maximum rate. *Daggs v.*

*Phoenix Nat'l Bank,* 177 U.S. 549, 555, 20 S.Ct. 732, 44 L.Ed. 882 (1900); *see Hiatt v. San Francisco Nat'l Bank,* 361 F.2d 504, 507 (9th Cir.1966).

8. Citibank argues it sufficiently proved that it was a national bank because it cited *Smiley,* 517 U.S. at 744, 116 S.Ct. 1730, which recognized Citibank as a national bank and because it identified itself as "Citibank (South Dakota), N.A." in its summary judgment affidavit. Only a national bank may use the word "National" in its title. 18 U.S.C.A. § 709 (West Supp.2005). For purposes of this analysis, we will assume that Citibank is a national bank located in South Dakota.

estates, fiduciaries, associations, or any other entities if they establish the interest rate or charge by written agreement. A written agreement includes the contract created by § 54–11–9.

S.D. CODIFIED LAWS § 54–3–1.1 (2005). Even if no other maximum rate is established elsewhere in the laws of South Dakota, Citibank has failed to show that the interest rate is authorized. Section 54–3–1.1 only applies if the parties "establish the interest rate or charge by written agreement." *Id.* The summary judgment evidence lacks any evidence as to the interest rate authorized by the credit card contract. The contract introduced into evidence does not specify the interest rate that was agreed on.[9] There were no notices of interest rate increases introduced into evidence. When no interest rate is provided in the agreement, South Dakota law limits the maximum interest rate to considerably less than the rates charged by Citibank. *See* S.D. CODIFIED LAWS §§ 51A–12–13, 54–3–4, 54–3–5 (2005). We note that a credit card issuer may change the terms of the card agreement on sufficient written notice to the cardholder. S.D. CODIFIED LAWS § 54–11–10 (2005). The summary judgment evidence, though, contains no written notices specifying the interest rates other than the copies of the statements. There are genuine issues of material fact concerning whether the interest rates Citibank charged Tully are authorized by South Dakota law.

Because Citibank failed to prove the contractual interest rate, Citibank has failed to prove it was entitled to summary judgment. We sustain Tully's second point of error. Because we find the above issue dispositive, we decline to address Tully's remaining arguments contained in his second point of error.

### 3) The Trial Court Erred in Awarding Unconditional Appellate Attorney's Fees

In his third point of error, Tully argues the trial court erred in not conditioning the award of attorney's fees in the event of an appeal on the success of that appeal. An award for attorney's fees should be conditioned on a successful appeal. *Westech Eng'g, Inc. v. Clearwater Constructors, Inc.,* 835 S.W.2d 190, 205 (Tex.App.-Austin 1992, no writ). While the award of attorney's fees being conditioned on a successful appeal is probably implied in the trial court's judgment, we reform the judgment to reflect that Citibank is only eligible to receive attorney's fees if the appeal is successful. *See J.C. Penney Life Ins. Co. v. Heinrich,* 32 S.W.3d 280, 290 (Tex.App.-San Antonio 2000, pet. denied).

### 4) Conclusion

Because Citibank failed to prove the contractual amount of the interest, Citibank failed to prove there were no genuine issues of material fact concerning the amount of its damages or concerning whether the interest rates charged were authorized under South Dakota law. Therefore, the trial court erred in granting summary judgment. We reform the trial court's judgment to condition the award of attorney's fees on the success of the appeal. Because we have held that the trial court erred in granting the summary judgment, Citibank is not eligible to receive attorney's fees for this unsuccessful appeal.

9. We note that the contract does contain the amount of at least some of the fees charged.

We reverse and remand this case to the trial court for further proceedings consistent with this opinion.