In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-07-565 CV


____________________



OVERSEAS ENTERPRISES USA, INC., Appellant





V.



DEWAYNE WHATLEY d/b/a


CUSTOM METAL & SIDING, Appellee






On Appeal from the 128th District Court


Orange County, Texas


Trial Cause No. A040439-C






MEMORANDUM OPINION



 This is an appeal from a summary judgment. We reverse and remand.

Background


 Appellee, Dewayne Whatley d/b/a Custom Metal & Siding ("CMS"), a subcontractor,
sued appellant, Overseas Enterprises USA, Inc. ("Overseas") to recover $16,404.29 for
goods, equipment, services, and supplies CMS provided "at the special instance and request
of [T-N-T] Construction, the general contractor and agent of Defendant OVERSEAS. . . ." 
CMS pled, among other alleged bases for relief, that it was entitled to recover based upon
a sworn account, and that it properly filed and perfected a mechanic's and materialman's lien. 
Overseas filed a third-party petition that named Thomas McGlothlin d/b/a T-N-T
Construction as a defendant, (1) and Overseas subsequently obtained a default judgment.

 CMS filed a traditional motion for summary judgment, in which it asserted two bases
for recovery: that it was entitled to recover based upon a sworn account with Overseas, and
entitled to an award of foreclosure on the property by an order of sale because CMS properly
filed and perfected a mechanic's and materialman's lien. Included among CMS's summary
judgment evidence were invoices from CMS to T-N-T, which totaled $16,404.29. CMS also
included as evidence Whatley's affidavit, in which he attested that the invoices were unpaid,
and that while virtually all of the labor for the construction of the project was performed and
completed in March of 2004, CMS also returned in May of 2004 to repair the roof. In
addition, CMS attached as summary judgment evidence a copy of CMS's mechanic's and
materialman's lien affidavit executed by Whatley, in which Whatley averred that pursuant
to a contract, CMS furnished labor and materials for construction of an office building and
a metal building on Overseas's premises, and that $16,404.29 was still owed under the
contract. The trial court granted CMS's motion for summary judgment, ordered that CMS
recover $16,404.29 from Overseas, together with pre-judgment interest, post-judgment
interest, and attorney's fees, and also ordered that CMS

 be awarded an Order of Sale for all material, machinery, real property, and all
other personal property claimed by the affidavit for Mechanic's and
Materialman's Lien against the property in Orange County, Texas filed at
Volume 1442, Page 796 on June 24, 2004 in the Official Public Records of
Orange County, Texas.


Overseas then filed this appeal, in which it presents four issues for our review.

 Standard of Review


 We review summary judgment orders de novo. Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005); Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211,
215 (Tex. 2003). The movant for a traditional summary judgment has the burden to establish
that no genuine issues of material fact exist and it is entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). 
If the moving party produces evidence entitling it to summary judgment, the burden shifts
to the nonmovant to present evidence that raises a material fact issue. Walker v. Harris, 924
S.W.2d 375, 377 (Tex. 1996). In deciding whether there is a disputed material fact issue
precluding summary judgment, evidence favorable to the nonmovant will be taken as true. 
Nixon, 690 S.W.2d at 548-49. Every reasonable inference must be indulged in favor of the
nonmovant and any doubts resolved in his favor. Id. An appellate court may affirm a
summary judgment on any ground the movant presented in its motion for summary judgment,
regardless of whether the trial court identified the ground it relied upon in granting summary
judgment. See Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 625 (Tex. 1996).

Issue One


 In its first issue, Overseas argues the trial court erred in granting summary judgment
in favor of CMS because no contract or account existed between Overseas and CMS. To
recover for breach of contract, a plaintiff must prove the existence of a valid enforceable
contract; that the plaintiff performed; that the defendant breached the contract; and that the
defendant's breach caused the plaintiff's injury. Winchek v. Am. Express Travel Related
Servs. Co., 232 S.W.3d 197, 202 (Tex. App.-Houston [1st Dist.] 2007, no pet.).

 In this case, the invoices CMS attached as summary judgment evidence proved that 
it had a contract with T-N-T, but did not demonstrate that CMS had a contract with Overseas. 
Furthermore, with its response to the motion for summary judgment, Overseas attached as
evidence the deposition of Kapodia, during which Kapodia testified that he had no business
relationship with CMS. Therefore, CMS did not show that it was entitled to judgment as a
matter of law with respect to its claim for breach of contract. See id.; Tex. R. Civ. P.
166a(c). Accordingly, the trial court erred by granting summary judgment based upon
CMS's breach of contract claim.

 The elements of a suit on a sworn account are as follows: the plaintiff sold goods or
furnished services to the defendant; the prices charged were just and true; the petition
contains a systematic record of the transaction; all lawful offsets, payments, and credits have
been applied; the account remains unpaid; the damages are liquidated; and the plaintiff filed
the petition under oath. See Tex. R. Civ. P. 185; see also Airborne Freight Corp. v. CRB
Mktg, Inc., 566 S.W.2d 573, 574 (Tex. 1978) (citing Tex. R. Civ. P. 185). A suit on a sworn
account must be brought by and against the parties to the transaction. See Tully v. Citibank,
173 S.W.3d 212, 216 (Tex. App.-Texarkana 2005, no pet.). As discussed above, CMS failed
to establish that a contract or other business relationship existed between CMS and Overseas. 
CMS provided as summary judgment evidence Whatley's affidavit, in which Whatley
averred that $16,404.29 was "due and owing from OVERSEAS, and/or its general contractor,
Thomas McGlothin [sic] dba T-N-T Construction." In the next paragraph of the affidavit,
Whatley also averred that the alleged account "arises out of business dealings between
Custom Metal and OVERSEAS and Thomas McGlothin [sic] dba T-N-T Construction." 
However, the invoices CMS provided as summary judgment evidence were invoices that
CMS sent to T-N-T, not to Overseas, and CMS provided no other documentary evidence
supporting its claim that an account existed between CMS and Overseas. Whatley's affidavit
averred that a contract or sworn account existed between Overseas and CMS; however,
because the documentary evidence indicates otherwise, Whatley's affidavit at most creates
a fact issue as to whether such a contract or sworn account existed. CMS did not show that
it was entitled to judgment as a matter of law with respect to its claim based upon a sworn
account. See Tully, 173 S.W.3d at 216; see generally Tex. R. Civ. P. 185. Accordingly, the
trial court erred by granting summary judgment in favor of CMS based upon CMS's sworn
account claim.

Issue Two


 In its second issue, Overseas asserts that CMS failed to comply with the requirements
of sections 53.055 and 53.056 of the Property Code. See id. §§ 53.055, 53.056. Section
53.055 provides as follows:

 (a) A person who files an affidavit must send a copy of the affidavit by
registered or certified mail to the owner or reputed owner at the
owner's last known business or residence address not later than the fifth
day after the date the affidavit is filed with the county clerk.


 (b) If the person is not an original contractor, the person must also send a
copy of the affidavit to the original contractor at the original
contractor's last known business or residence address within the same
period.


Id. § 53.055. The summary judgment evidence before the trial court established that on June
11, 2004, CMS's counsel sent a letter to Overseas concerning CMS's intent to perfect a lien,
and an enclosure was sent with the letter. Overseas admitted in its pleadings that it received
a letter from CMS evidencing CMS's intent to perfect a lien, and the letter was accompanied
by an unsigned and unfiled copy of the affidavit that CMS subsequently filed. Overseas also
attached a copy of the letter from CMS to one of its responses to CMS's motion for summary
judgment. CMS filed its lien affidavit with the county clerk on June 24, 2004.

 Nothing in section 53.055 mandates that a subcontractor cannot give notice to the
owner before filing the lien affidavit with the county clerk. See id. In fact, Texas courts
have held that the statute does not prohibit giving notice before the lien affidavit is filed. 
New AAA Apartment Plumbers, Inc. v. DPMC-Briarcliff, L.P., 145 S.W.3d 728, 730 (Tex.
App.-Corpus Christi 2004, no pet.) (citing Hammons v. Tex. Pride Landscape, No. 05-99-980-CV, 2000 WL 567108, at *4 (Tex. App.-Dallas May 10, 2000, pet. denied) (mem. op.)). 
Thus, the summary judgment record demonstrates that CMS complied with subsection
53.055(a). However, nothing in the record reflects that CMS gave notice to T-N-T as
required by section 53.055(b). See Tex. Prop. Code Ann. § 53.055(b). Therefore, we find
that the trial court erred by concluding that CMS had complied with the requirements of
section 53.055. See Tex. Prop. Code Ann. § 53.055(b); see also id. § 53.051 ("To perfect
the lien, a person must comply with this subchapter.").

 Further, section 53.056 of the Property Code provides as follows, in pertinent part:

 (a) Except as provided by Subchapter K, a claimant other than an original
contractor must give the notice prescribed by this section for the lien to
be valid.


 (b) If the lien arises from a debt incurred by a subcontractor, the claimant
must give to the original contractor written notice of the unpaid
balance. The claimant must give the notice not later than the 15th day
of the second month following each month in which all or part of the
claimant's labor was performed or material delivered. The claimant
must give the same notice to the owner or reputed owner and the
original contractor not later than the 15th day of the third month
following each month in which all or part of the claimant's labor was
performed or material or specially fabricated material was delivered.

 (c) If the lien claim arises from a debt incurred by the original contractor,
the claimant must give notice to the owner or reputed owner, with a
copy to the original contractor, in accordance with Subsection (b).


Id. § 53.056(a) - (c). CMS was required to provide timely notice to Overseas and T-N-T of
the unpaid balance. See id. § 53.056(c). However, as discussed above, nothing in the record
demonstrates that CMS provided the required notice to T-N-T. Accordingly, the trial court
erred in concluding that CMS had satisfied the requirements of section 53.056(c). See id.

Conclusion


 Because CMS did not establish that it complied with the requirements of section
53.055 and 53.056 of the Property Code, the trial court erred by granting summary judgment
in favor of CMS with respect to CMS's mechanic's and materialman's lien. See id.
§§ 53.055, 53.056. Furthermore, because CMS did not establish the existence of a contract
or account between CMS and Overseas, the trial court erred by granting summary judgment
in favor of CMS based upon such alleged contract or sworn account. Accordingly, we
sustain issues one and two, reverse the trial court's judgment, and remand this cause for
further proceedings consistent with this opinion. We need not address Overseas's remaining 

issues, as they would not result in greater relief. See Tex. R. App. P. 47.1.

 REVERSED AND REMANDED.



 

 STEVE McKEITHEN

 Chief Justice

Submitted on July 29, 2008

Opinion Delivered August 28, 2008

Before McKeithen, C.J., Kreger and Horton, JJ.
1. Thomas McGlothlin d/b/a T-N-T Construction was not a party to the summary
judgment we are reviewing here. We note that in various parts of the record, McGlothlin's
surname is also spelled "McGlothin."