Affirmed and Memorandum Opinion filed February 19, 2009








Affirmed and Memorandum Opinion filed February 19, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00534-CV

____________

 

PAUL A. BUTLER AND AFTON J. BUTLER, Appellants

 

v.

 

HUDSON & KEYSE, L.L.C., Appellees

 



 

On Appeal from the County
Civil Court at Law No. 1

Harris County, Texas

Trial Court Cause No. 878599

 



 

M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment entered against
appellants Paul and Afton Butler in a credit card debt collection suit.  Hudson
& Keyse, L.L.C. (AHudson@) sued the
Butlers to recover the $21,803.54 balance owed on a credit card, as well as
$6,541.06 in attorney=s fees.  Hudson moved for summary judgment
on its claim, and the trial court granted the motion.  On appeal, the Butlers
contend there is  insufficient evidence to support summary judgment, and that
genuine issues of material fact exist.  We affirm.  








Background

Chase Manhattan Bank (AChase@), Hudson=s assignor, issued
the credit card to the Butlers, who used it for purchases and cash advances. 
The Butlers, it is claimed, incurred $21,803.54 in credit card debt.  After
acquiring the right to collect on the debt from Chase, Hudson brought suit
against the Butlers.  Hudson then moved for summary judgment, supported by
affidavits from Nancy Quere, Hudson=s legal account
manager, and its attorney, Dan G. Young.  Quere=s affidavit
provides that the Butlers are obligated to pay the amount of $21,803.54 to
Hudson, as Chase=s assignee.  Young=s affidavit sets
forth the amount of attorney=s fees incurred as $6,541.06, and in it
Young explains the basis for the claimed amount.

The Butlers filed a verified response to the motion for
summary judgment claiming genuine issues of material fact had not been
resolved.  They argued they did not owe Hudson a debt, and they raised the
affirmative defenses of lack of privity of contract, statute of limitations,
failure and/or lack of consideration, illegality, payment, unenforceability,
usury, laches, and estoppel.  They asserted Quere=s affidavit did
not establish a basis for Hudson=s allegations, and
that the allegations made were conclusory.  Finally, the Butlers contended
Hudson had failed to produce documentary evidence showing it was entitled to
collect on the debt as Chase=s assignee. 

The only summary-judgment evidence provided by the Butlers
was a complaint and notice of a class action suit filed in federal court
against Hudson.  The complaint alleged violations of the Fair Debt Collection
Practices Act and the Texas Debt Collection Act.  Mr. Butler received notice of
the class action as a potential class member.  Appellants argued Mrs. Butler
should have been dismissed as a defendant from this credit-card case because
she was not served with notice as a member of the class action.  They also
claimed, because Mrs. Butler was not given notice of the class action, no
contractual relationship existed between her and Hudson.  The trial court
granted summary judgment, and the Butlers have appealed. 








Standard of Review

The standard for reviewing the granting of a motion for summary judgment is well established. 
A plaintiff moving for summary judgment has the burden of proving there is no
genuine issue of material fact and that it is entitled to judgment as a matter
of law on each element of the cause of action.  See Rhone-Poulenc, Inc. v.
Steel, 997 S.W.2d 217, 222 (Tex. 1999); Nixon v. Mr. Prop. Mgmt. Co.,
690 S.W.2d 546, 548 (Tex. 1985); Gibbs v. Gen. Motors Corp., 450 S.W.2d
827, 828 (Tex. 1970).  Evidence favorable to the non-movant will be taken as
true in deciding whether there is a disputed material fact issue that precludes
summary judgment.  Nixon, 690 S.W.2d at 548B49.  We make all
reasonable inferences in the non-movant=s favor.  See
KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748
(Tex. 1999).  If the movant=s motion and summary judgment proof
facially establish its right to judgment as a matter of law, the burden shifts
to the non-movant to raise a material fact issue sufficient to defeat summary
judgment.  See HBO, A Div. of Time Warner Entm=t Co. v. Harrison, 983 S.W.2d 31,
35 (Tex. App.CHouston [14th Dist.] 1998, no pet.).  However, a
non-movant is not required to respond with evidence if deficiencies in the
movant=s own proof or
legal theories will defeat the movant=s right to
judgment as a matter of law.  See City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 678 (Tex. 1979).

Analysis

A.  Summary
Judgment Evidence








A party is entitled to relief under the common-law cause of
action for Aaccount stated@ if the party
proves (1) transactions between the parties give rise to indebtedness of one to
the other; (2) an agreement, express or implied, between the parties fixes an
amount due; and (3) the one to be charged makes a promise, express or implied,
to pay the indebtedness.  Neil
v. Agris, 693 S.W.2d 604, 605 (Tex. App.CHouston [14th
Dist.] 1985, no writ); Cont=l Cas. Co. v. Dr
Pepper Bottling Co. of Texas, 416 F. Supp. 2d 497, 504 (N.D. Tex. 2006)
(citing Arnold D. Kamen & Co. v. Young, 466 S.W.2d 381, 388 (Tex.
App.CDallas 1971, writ
ref'd n.r.e.)).  A claim for
account stated differs from a suit on a sworn account, which requires personal
property or services be provided by the creditor to the debtor.[1]
 See Tex. R. Civ. P. 185; see
also Tully v. Citibank (South Dakota), N.A., 173 S.W.3d 212, 216 (Tex. App.CTexarkana 2005, no
pet.).  Account stated, and not a suit on a sworn account, is the proper cause
of action for a credit card collection because no title to personal property or
services pass from the bank to the credit card holder.  Tully, 173
S.W.3d at 216; Bird v. First Deposit Nat=l Bank, 994 S.W.2d 280,
282 (Tex. App.CEl Paso 1999, pet. denied). 

1. 
Transactions Giving Rise to Indebtedness

Hudson provided summary-judgment evidence showing that
transactions between the parties gave rise to the indebtedness.  Specifically,
Quere=s affidavit
provides the indebtedness arose from a credit card issued to the Butlers by
Chase.  The affidavit also explains that Chase assigned the right to collect on
the debt to Hudson.  The Butlers argue that Quere=s affidavit is not
based on personal knowledge of the books and records of Chase.  See Tex.
R. Civ. P. 166a(f).  However, an objection that the affiant does not have
personal knowledge is an objection to the form of the affidavit and must be
preserved in the trial court.  Grand Prairie Indep. Sch. Dist. v. Vaughan,
792 S.W.2d 944, 945 (Tex. 1990).  Nothing in the record shows the trial court
ruled on the Butlers= objections before rendering judgment. 
Therefore, the objection to Quere=s personal
knowledge has been waived.  See id.








 

Next, appellants contend the statements made in the
affidavit are conclusory, but do not identify the complained-of statements.  An
objection regarding the conclusory nature of an affidavit
is an objection to the substance of the affidavit that
can be raised for the first time on appeal.  Skelton v. Comm=n for Lawyer
Discipline, 56 S.W.3d 687, 692 (Tex. App.CHouston [14th
Dist.] 2001, no pet.).  Affidavits which contain conclusory statements that fail to provide the underlying
facts to support the conclusion are not proper summary judgment evidence.  Dolcefino
v. Randolph, 19 S.W.3d 906, 930 (Tex. App.CHouston [14th
Dist.] 2000, pet. denied).  However, Quere=s affidavit is not
conclusory.  The affidavit states that plaintiff purchased the debt from
Chase.  It also contains assertions supporting Hudson=s motion and it is
based on the affiant=s personal knowledge derived from her work
as Hudson=s legal account manager.  We conclude Quere=s affidavit is not
conclusory and the trial court did not err in considering it.  Thus, Hudson
effectively established the first element of its account stated claim.

2. 
Implied Agreement Fixing Amount Due, and Implied Promise to Pay

Appellants argue Hudson=s summary-judgment
evidence failed to establish the Butlers had a contractual agreement with Chase
or Hudson.  Because an account stated claim can be based on an express or
implied agreement, Hudson does not have to produce a written contract as long
as it provides other evidence of the agreement between the parties to meet its
burden of proof.  See Neil, 693 S.W.2d at 605.  An implied agreement can
arise from the acts and conduct of the parties.  Harrison v. Williams Dental
Group, P.C., 140 S.W.3d 912, 916 (Tex. App.CDallas 2004, no
pet.).  Given the Butlers= acceptance and use of the credit card to
make purchases, it is reasonable to infer that they understood and accepted the
obligation, and impliedly promised to pay the indebtedness.  See Hinojosa v.
Citibank (South Dakota), N.A., No. 05-07-00059-CV, 2008 WL 570601, at *3
(Tex. App.CDallas March 4, 2008, pet. denied) (mem. op.).  








The Butlers contend Hudson failed to prove a fixed amount
owed on the credit card account.  However, Quere attested that the Butlers owe
a balance of $14,931.13, with  $6,872.41 interest, for a total of $21,803.54. 
Again, based on appellants= usage of the credit card, we may
reasonably infer that they impliedly agreed to pay a fixed amount equal to the
purchases and cash advances they made, plus interest.  See Dulong v.
Citibank (South Dakota), N.A., 261 S.W.3d 890, 894 (Tex. App.CDallas 2008, no
pet.).  The Butlers have not presented any evidence suggesting a different
amount is owed.  Thus, the evidence presented by Hudson established that the
Butlers agreed to pay the fixed amount of indebtedness arising out of their
credit-card transactions.

Appellants also claim they are not obligated to pay Hudson
on the indebtedness because it failed to show it was entitled to bring suit as
Chase=s assignee. 
Hudson=s 
summary-judgment evidence shows Hudson has the right to bring suit on the
debt.  The Butlers did not attach any evidence to their verified response in
support of their assertion.  The Butlers failed to raise an issue of material
fact on this point. 

Further contesting the existence of contractual relationship,
the Butlers attached a class-action complaint against Hudson to their
supplemental response, as well as a copy of the notice Mr. Butler received as a
potential class member.  The Butlers claim this evidence proves that Mrs.
Butler had not entered into a contractual relationship with Chase because she
was not personally served with notice and a copy of the complaint.  However,
because appellant's brief cites no authority and provides no argument in
support of this contention, it presents nothing for our review and is waived.  See
Tex. R. App. P. 38.1(i); San Saba Energy, L.P. v. Crawford, 171 S.W.3d
323, 338 (Tex. App.CHouston [14th Dist.] 2005, no pet.).           








Appellants also assert Hudson represented to the federal
court that its net worth was only $76,055.05.  The Butlers argue that it is
inconceivable they owe Hudson one-third of its net worth.  Were we to construe
this non-sequitur as a challenge to the amount of the debt, the argument still
fails because appellants misread their own summary-judgment evidence. 
According to the record, $76,055.05 represents only one percent of Hudson=s net worth which,
according to the complaint, is the maximum amount of statutory damages
recoverable in the class-action suit.  The second and third elements of the
account stated claim are satisfied by Hudson=s summary judgment
evidence and appellants have not raised a material fact issue.

3.
Appellants= Affirmative
Defenses

In support of their claim that material fact issues remain
unresolved by the trial court, the Butlers contend they raised affirmative
defenses that have not been addressed.  However, the mere pleading of an
affirmative defense will not, without proof, defeat a motion for summary judgment.  American
Petrofina, Inc. v. Allen, 887 S.W.2d 829, 830 (Tex. 1994); Kehoe v.
Lambert, 633 S.W.2d 576, 578 (Tex. App.CHouston [14th
Dist.] 1982, writ ref=d n.r.e.).  A defendant must go beyond the
allegations of an affirmative defense and present summary
judgment evidence that establishes the defense.  See
Brownlee v. Brownlee, 665 S.W.2d 111, 112 (Tex. 1984).  If the affirmative
defense has more than one element, then summary judgment evidence must be presented on each element
necessary to such defense.  Rucker v. Bank One Texas, N.A., 36 S.W.3d
649, 653 (Tex. App.CWaco 2000, pet. denied).  The Butlers
failed to produce evidence in support of the affirmative defenses asserted. 
Therefore, the trial court properly disregarded such affirmative defenses.

We conclude Hudson established the elements of the
account-stated claim as a matter of law.  The Butlers had an implied agreement
with Chase fixing an amount due, and, as Chase=s assignee, Hudson
is entitled to recover the unpaid sums. Once Hudson established the elements of
its claim, the burden shifted to the Butlers to raise a material fact issue
sufficient to defeat the motion for summary judgment.  The Butlers did not meet
this burden because they did not offer any evidence giving rise to a material
fact issue. 








B.
Attorney=s Fees

The trial court awarded Hudson $6,541.06 in attorney=s fees, plus
conditional attorney=s fees of $1,500 in the event of appeal to
the Texas Court of Appeals, and $2,500 in the event a petition for review is
filed with the Texas Supreme Court.  Hudson=s attorney, Dan G.
Young, filed an affidavit explaining that the amount of attorney=s fees requested
by Hudson is reasonable considering the services rendered and the contingency
fee nature of the suit.  On appeal, the Butlers argue Hudson failed to
establish the attorney=s fees awarded are just and reasonable. 
Specifically, they point out the affidavit did not provide an hourly fee and it
did not provide a basis in law for the collection of fees from the Butlers.  

AThe award of attorney's fees in a summary
judgment is improper unless the evidence of the reasonableness of those fees is
uncontroverted.@  Guity v. C.C.I. Enter., Co., 54
S.W.3d 526, 528 (Tex. App.CHouston [1st Dist.] 2001, no pet.). 
Uncontroverted testimony of an interested witness will establish attorney=s fees
sought are reasonable and necessary as a
matter of law if the following
conditions exist: (1) the testimony could readily be contradicted if untrue; (2)
the testimony is clear, direct, and positive; and (3) there
are no circumstances tending to discredit
or impeach the testimony.  Rosenblatt
v. Freedom Life Ins. Co. of Am., 240 S.W.3d 315, 321 (Tex. App.CHouston [1 Dist.]
2007, no pet.) (citing Ragsdale v. Progressive Voters League, 801 S.W.2d
880, 882 (Tex. 1990).  Young=s affidavit
clearly and directly states the amount of attorney=s fees sought. 
Because the Butlers did not present a conflicting affidavit or any other
evidence challenging the reasonableness of the attorney=s fees, it was
uncontroverted.  Thus, the attorney=s fees were
properly awarded to Hudson.  

 

 

 








Conclusion

After considering the
arguments presented, we overrule the points raised and affirm the trial court=s summary judgment.

 

 

 

 

/s/      J. Harvey Hudson

Senior Justice

 

 

 

 

 

Panel consists of
Justices Anderson and Frost, and Senior Justice Hudson.*

 









[1]  Appellants note in their brief that Hudson=s petition was not verified.  A plaintiff's petition on sworn
account must contain a systematic, itemized statement of the services rendered,
reveal offsets made to the account, and be supported by an affidavit stating
the claim is within the affiant's knowledge and that it is Ajust and true.@ Tex. R. Civ. P. 185; see also
Andrews v. E. Tex. Med. Ctr.-Athens, 885 S.W.2d 264, 267 (Tex. App.CTyler 1994, no writ).  If there is
a deficiency in the plaintiff's sworn account, the account will not constitute
prima facie evidence of the debt. See Enernational Corp. v. Exploitation
Eng'rs, Inc., 705 S.W.2d 749, 750 (Tex. App.CHouston [1st Dist.] 1986, writ ref'd n.r.e.).  Given
that Hudson did not file a petition on sworn account, its failure to attach an
affidavit to the petition is immaterial to our review.





*  Senior Justice Harvey Hudson sitting by assignment.