

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-13-00244-CV
_____

PATTY A. AKINS, APPELLANT

V.

FIA CARD SERVICES, N.A., APPELLEE

On Appeal from County Court at Law No. 1
Potter County, Texas
Trial Court No. 099946-1; Honorable W.F. "Corky" Roberts, Presiding

February 23, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Patty A. Akins, was sued by Appellee, FIA Card Services, N.A., to collect a credit card debt. Akins answered the suit and raised several counterclaims. FIA moved for a traditional summary judgment as to its claims against Akins and a no-evidence summary judgment as to Akins's counterclaims against FIA. The trial court granted both motions, awarding FIA recovery of the balance due on the credit card account and entering a take-nothing judgment as to Akins's counterclaims. By two

issues, Akins presents a global challenge to the trial court's summary judgment and also contends the trial court abused its discretion in denying her motion for new trial. We affirm in part and reverse and remand in part.

## BACKGROUND

Akins entered into a credit card agreement with FIA Card Services, formerly known as MBNA America Bank, N.A.[1] After issuance of the July 2010 statement, Akins ceased making monthly payments on a balance of over $11,000. According to account statements in the record, by February 24, 2011, the balance had increased to $12,673.37 with accrued late fees and interest charges.

In September 2011, FIA filed suit against Akins on an "Open & Stated Account," (not a "suit on account" or a "suit on sworn account").[2] A suit on a stated account is proper when (1) transactions between the parties give rise to indebtedness of one to the other; (2) an agreement express or implied, between the parties fixes an amount due; and (3) the one to be charged makes a promise, express or implied, to pay the indebtedness. *See Dulong v. Citibank* (*S.D.*), *N.A.*, 261 S.W.3d 890, 893 n.3 (Tex. App.—Dallas 2008, no pet.). In addition to its suit on account, FIA also alleged other claims sounding in contract and *quantum meruit*. Akins responded with an unsworn general denial. Akins

---

[1] A specific date that the account was opened does not appear in the record; however, the record establishes the bank changed its name effective June 10, 2006.

[2] A common law claim on a "stated account" is different from a "suit on account" (sometimes called a "suit on sworn account") which requires personal property or services be provided by the creditor to the debtor. *See* TEX. R. CIV. P. 185. A suit on sworn account is merely a procedural device whereby a claimant can establish a *prima facie* right of recovery on its sworn petition if the defendant does not file a sworn denial. Generally, a suit on sworn account is not a proper tool for credit card debt collection. *See Dulong v. Citibank* (*S.D.*), *N.A.*, 261 S.W.3d 890, 893 n.3 (Tex. App.—Dallas 2008, no pet.) (citing *Tully v. Citibank* (*South Dakota*), *N.A.*, 173 S.W.3d 212, 216 (Tex. App.—Texarkana 2005, no pet.)). FIA's claim in this proceeding is not a suit on sworn account pursuant to Rule 185.

also sought an offset by reason on her counterclaims against FIA for breach of contract, negligence and negligent hiring, supervision and/or management.

FIA filed a traditional motion for summary judgment on its claim for credit card debt and a no-evidence motion for summary judgment as to Akins's counterclaims. To support its motion, FIA attached an affidavit from its custodian of records. The affiant averred that Akins owed $12,673.37 in credit card debt. Paragraph 6 of the affidavit provides, "[a] true and correct copy of the **Account statements** from February 2007 through March 2011, as identified as **Exhibit 2**, are attached hereto." (Emphasis in the original.) Exhibit 2 does not, however, contain a copy of the account statements for the years 2007, 2008 or 2009.[3] Instead, it reflects only copies of account statements from January 2010, showing a "Previous Balance" of $8,984.15, through February 2011, showing a "New Balance Total" of $12,673.37. FIA's motion was also supported by a copy of Akins's credit card agreement.

Based on the missing copies of statements from 2007, 2008 and 2009, Akins asserted by her amended response to FIA's summary judgment motion that the affidavit from the records custodian was false because it was not a "true and correct copy" of the account statements reflecting the balance FIA sought to collect. In addition to responding to FIA's summary judgment motions, Akins included her own motion for summary judgment as to her counterclaims.[4]

---

[3] We further note that no statement from March 2011 appears in the record as referenced by the affidavit.

[4] The trial court did not expressly rule on Akins's motion for summary judgment.

Upon submission, the trial court granted summary judgment in favor of FIA in the amount of $12,673.37 and ordered that Akins "take nothing by her Counterclaim." Akins filed a motion for new trial alleging again, among other claims, that the affidavit from FIA's records custodian was false and therefore not credible evidence to support summary judgment. The motion was denied by written order, and Akins pursued this appeal asserting the trial court erred in granting FIA's motion for summary judgment and in denying her motion for new trial.

FIA'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT

By her first issue, Akins contends the trial court erroneously awarded FIA summary judgment for $12,673.37 based on a defective affidavit which was not supported by competent summary judgment evidence. FIA asserts that Akins's challenge to the affidavit is a defect in form that required an objection to preserve the issue for appeal.

While FIA is correct that defects in the form of an affidavit or its attachments must be preserved by an objection and ruling in the trial court, TEX. R. CIV. P. 166a(f); *Grand Prairie Indep. Sch. Dist. v. Vaughan*, 792 S.W.2d 944, 945 (Tex. 1990), defects in the substance of an affidavit or its attachments can be raised for the first time on appeal. *Willis v. Nucor Corp.*, 282 S.W.3d 536, 547 (Tex. 1980). A conclusion in an affidavit unsupported by evidence is a defect in substance and an objection in the trial court is not required to preserve the complaint for appellate review. *See id.* at 548. *See also Bastida v. Aznaran*, 444 S.W.3d 98, 105 (Tex. App.—Dallas 2014, no pet.).

In reviewing a summary judgment, this Court must apply well-established standards. We review the granting of a motion for summary judgment *de novo. Neely v.*

4

*Wilson*, 418 S.W.3d 52, 59 (Tex. 2013) (citing *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)). Furthermore, "[i]n reviewing a summary judgment, we consider all grounds presented to the trial court and preserved on appeal in the interest of judicial economy." *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005). That said, issues not expressly presented to the trial court by written motion, answer or other response are not considered on appeal as grounds for reversal. TEX. R. CIV. P. 166a(c). When the trial court does not specify the grounds for its ruling, a summary judgment will be affirmed if any of the grounds presented in the motion are meritorious. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

The party moving for a traditional summary judgment bears the burden of proving its entitlement thereto as a matter of law. *Roskey v. Texas Health Facilities Com.*, 639 S.W.2d 302, 303 (Tex. 1982). Summary judgment is appropriate when there is no genuine issue as to any material fact and judgment should be granted in favor of the movant as a matter of law. *Diversicare Gen. Partner, Inc.*, 185 S.W.3d at 846. A fact issue exists if it is supported by more than a scintilla of probative evidence. TEX. R. CIV. P. 166a(c), (i). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Merrell Dow Pharmaceuticals v. Havner,* 953 S.W.2d 706, 711 (Tex. 1997), *cert. denied,* 523 U.S. 1119, 118 S. Ct. 1799, 140 L. Ed. 2d 939 (1998). In conducting our review, we are required to review the summary judgment record in the light most favorable to the non-movant, indulging every reasonable inference in favor of the non-movant, and resolving all doubts against the

movant. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (citing *City of Keller*, 168 S.W.3d at 823).

To establish its entitlement to summary judgment, FIA was required to prove as a matter of law that no genuine issue of fact existed and that Akins was indebted to it in the amount of $12,673.37. To do so, it was required to establish (1) a valid, enforceable contract; (2) privity between FIA and Akins, (3) performance or excuse from performance by FIA, (4) breach by Akins, and (5) injury to FIA caused by Akins's breach. *See Domingo v. Mitchell*, 257 S.W.3d 34, 39 (Tex. App.—Amarillo 2008, pet. denied); *Valero Mktg. & Sup. Co. v. Kalama Int'l.,* 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.); *Cannon v. ICO Tubular Servs.,* 905 S.W.2d 380, 393 (Tex. App.—Houston [1st Dist.] 1995, no writ). Here, Akins contends there is a genuine issue of material fact as to the amount owed pursuant to the credit card agreement (i.e., the injury to FIA caused by Akins's breach).

By the affidavit filed in support of FIA's summary judgment motion, the custodian of records represented that Exhibit 2 was a "true and correct copy" of Akins's credit card statements for five years, when in fact the exhibit only contained copies of statements from 2010 and the first two months of 2011. As such, the affidavit is both factually incorrect and legally insufficient because it contains conclusions as to the present balance due and owing. *Bastida*, 444 S.W.3d at 105. Akins's challenge to the affidavit and its attachments are directed to the substance of the summary judgment evidence—a substantive defect rather than a defect as to form only. Because no individual credit card statement produced established a zero balance, based on the application of the appropriate summary judgment standard of review, FIA's claim is based, in part, upon the

6

"previous balance" stated in the earliest statement provided.[5] Because that previous balance is merely a conclusion unsupported by competent summary judgment evidence, we find FIA failed to present competent summary judgment evidence that Akins was indebted to it in the amount of $12,673.37. Accordingly, the trial court erred in granting summary judgment in favor of FIA without sufficient evidence to support that award. Issue one is sustained in part.

### FIA'S NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT

By her counterclaims, Akins alleged FIA was negligent in its record keeping and in the hiring of its employees. She further alleged that FIA's conduct resulted in breach of contract. FIA filed a no-evidence summary judgment in response to these counterclaims.

A no-evidence motion for summary judgment is essentially a motion for a pretrial directed verdict, and we apply the same legal sufficiency standard as we apply in reviewing a directed verdict. *See King Ranch*, *Inc. v. Chapman*, 118 S.W.3d 742, 750 (Tex. 2003). In a no-evidence summary judgment motion, the movant contends there is no evidence of one or more essential elements of the claims for which the non-movant would bear the burden of proof at trial. TEX. R. CIV. P. 166a(i). *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008). Once the motion is filed, the burden shifts to the non-movant to present evidence raising an issue of material fact as to the elements of its cause of action. *See Mack Trucks*, *Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The

---

[5] *Cf. Wakefield v. Wells Fargo Bank*, *N.A.*, No. 07-14-12-00686-CV, 2013 Tex. App. LEXIS 14018, at *7-9 (Tex. App.—Houston [14th Dist.]. Nov. 14, 2013, no pet.) (mem. op.) (trial court requested additional copies of credit card statements and because December 2002 statement showed previous balance of zero, prior statements were not relevant to the current debt). In this case, FIA's January 2010 statement showed a previous balance of $8,984.15 that was not justified through competent summary judgment evidence so additional statements would have been relevant).

trial court must grant the motion unless the non-movant produces more than a scintilla of evidence raising a genuine issue of material fact on the challenged elements. *See Hamilton*, 249 S.W.3d at 426. The nonmoving party is not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements. TEX. R. CIV. P. 166a(i), Notes and Comments (1997); *Hamilton*, 249 S.W.3d at 426.

We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). A no-evidence challenge will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *King Ranch*, 118 S.W.3d at 751.

In her amended response to FIA's no-evidence motion, Akins directed the trial court to FIA's evidence—the records custodian's affidavit and the incomplete credit card statements. She also offered her own affidavit[6] and "herself as a live witness to testify at the hearing on [FIA's] and [Akins's] Motions for Summary Judgment." Her response also recites that she submits her pleadings for all purposes.

---

[6] The crux of Akins's affidavit recites that the records custodian's affidavit "makes one or more false statements and [FIA's] Exhibit 2 is not a complete, true, and accurate copy of statements related to the account."

8

In a summary judgment hearing, the trial court's decision is based on written pleadings and written evidence and not on live testimony. *Castleberry v. N.H. Ins. Co.*, 367 S.W.3d 505, 507 (Tex. App.—Texarkana 2012, pet. denied). Additionally, pleadings do not constitute summary judgment proof. *Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979). Accordingly, the evidence presented by Akins does not raise an issue of material fact as to her counterclaims of breach of contract, negligence or negligent hiring and/or supervision. As such, the trial court correctly ordered that Akins take-nothing by her counterclaims. Issue one is overruled in part. Our disposition of Akins's first issue pretermits consideration of issue two by which she challenged the trial court's denial of her motion for new trial. TEX. R. APP. P. 47.1.

CONCLUSION

That portion of the trial court's final summary judgment awarding judgment in favor of FIA Card Services, N.A. is reversed and the cause is remanded to the trial court for further proceedings. The remaining portion of the final summary judgment ordering that Akins take nothing by her counterclaims is affirmed.

Patrick A. Pirtle
Justice